UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRABHDEEP SINGH, | No.  1:26-cv-04785-DAD-CKD |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| GERALD MOSS, et al., | |
| Respondents. | (Doc. No. 2) |

On June 23, 2026, petitioner, proceeding through counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  On the same day, petitioner filed the pending motion for temporary restraining order.  (Doc. No. 2.)  Therein, petitioner alleges that he entered the United States on April 11, 2023, shortly thereafter was detained, and was then released on an Order of Release on Recognizance.  (*Id.* at 2.)  On June 9, 2026, petitioner alleges that he was stopped by ICE officers and re-detained without being provided notice or an opportunity to be heard.  (*Id.*)

On June 25, 2026, respondents filed an opposition to the pending motion for temporary restraining order wherein they argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because he was convicted of gang rape and extortion of a victim in Italy in 2020, and Interpol later issued a Red Notice on the basis that petitioner is a fugitive wanted to

1

serve a sentence imposed on his conviction.  (Doc. Nos. 9 at 1; 9-1 at 13–14.)  On June 26, 2026, petitioner filed a reply thereto in which he states that the issue of whether he is subject to mandatory detention is reserved for the immigration courts, and the sole question presented here is whether DHS violated petitioner's constitutional rights by re-detaining him without providing him notice or an opportunity to be heard.  (Doc. No. 10 at 2.)

As petitioner appears to concede, the court finds that petitioner has not yet exhausted his administrative remedies with regard to respondents' determination that he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because he has not requested a Matter of Joseph hearing. The court finds analogous and persuasive, and incorporates herein, its prior analysis in *Buckley, v. Chestnut, et al.*, No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at * 2–4 (E.D. Cal. Apr. 16, 2026), where the court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Jospeh hearing was pending.

As for petitioner's argument that his due process rights were violated when he was re-detained without notice or an opportunity to be heard, the court finds that whether this argument has merit depends on whether petitioner is properly subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).  Petitioner "cites no authority, nor is the Court aware of any, which would require ICE to provide an alien with notice and a hearing prior to detaining him pursuant to § 1226(c)." *Medina Soto v. Robbins*, No. 1:25-cv-01954-KES-SKO (HC), 2026 WL 657702, at *3 (E.D. Cal. Mar. 9, 2026).  Therefore, the court will deny petitioner's motion for temporary restraining order.

For the reasons explained above,

1.      Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED without prejudice to the renewal of a motion for preliminary relief following the Matter of Joseph hearing; and

/////

/////

/////

/////

2

2.    The pending petition for writ of habeas corpus (Doc. No. 1) is REFERRED to Magistrate Judge Carolyn K. Delaney for further proceedings.

IT IS SO ORDERED.

Dated:   **June 29, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE