UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PRABHDEEP SINGH, A-246-773-694,

Petitioner,

v.

GERALD MOSS, et al.,

Respondents.

No. 1:26-cv-04785-DAD-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Prabhdeep Singh is detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1.) Respondent filed an answer. (ECF No. 9.) Petitioner filed a reply. (ECF No. 10.) For the reasons set forth below, the undersigned recommends the petition be denied.

## I. Background

Petitioner is a native and citizen of India who was entered the United States without inspection on or about April 11, 2023. (ECF No. 1, ¶ 2; ECF No. 9-1 at 4.) Shortly after entry, the Department of Homeland Security (DHS) briefly detained petitioner and then released him into the United States. (Id.) Respondents assert petitioner's criminal history was not then known or available. (ECF No. 9 at 2.)

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

Petitioner alleges he complied with every condition imposed by DHS, attended all ICE appointments, remained gainfully employed, and actively pursued immigration relief during the more than three years he remained at liberty (ECF No. 1, ¶ 3.) Petitioner's removal proceedings are ongoing. (ECF No. 1, ¶ 24.)

On or about June 8 or 9, 2026, ICE re-detained petitioner as he was pulling out of the driveway of his home, without pre-deprivation process. (ECF No. 1, ¶¶ 4, 49; ECF No. 9-1 at 1.) Petitioner has been held in immigration detention since then and alleges he has not received an individualized custody determination. (Id., ¶¶ 1, 6, 9.)

Petitioner brings claims for (1) Violation of his Fifth Amendment Right to Procedural Due Process; (2) Violation of his Fifth Amendment Right to Substantive Due Process; (3) Violation of the Immigration and Nationality Act (INA); and (4) Violation of the Fourth Amendment. (ECF No. 1, ¶¶ 102-163.) Petitioner seeks release from custody and an order enjoining respondents from re-detaining him without providing a constitutionally adequate pre-deprivation process. (Id. at 21.) At the time of filing the petition, petitioner also filed a motion for temporary restraining order. (ECF No. 2.)

Respondents oppose the petition and assert petitioner's detention is mandated under 8 U.S.C. § 1226(c). (ECF No. 9 at 1.) They assert petitioner is an internationally wanted fugitive convicted of gang rape and extortion in Italy in 2020, has not sought relief through the immigration courts, and provides insufficient justification for demanding intervention by this court. (Id.) Respondents assert, and petitioner does not dispute, that he has never sought a Joseph hearing.[2] (Id. at 5.) In reply, petitioner clarifies his present challenge is to the procedure employed by DHS in revoking his liberty after years of release in the community. (ECF No. 10 at 3.)

After briefing on the requested TRO and the merits of the petition concluded, the district court judge assigned to this case denied petitioner's motion for a temporary restraining order without prejudice to renewal following a Matter of Joseph hearing. (ECF No. 11 at 2.) The district

---

[2] See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (explaining that detainees who claim they are not covered by § 1226(c) have the right, in administrative immigration proceedings, to request a "Joseph hearing" to challenge whether they are covered by § 1226(c)).

court judge found petitioner failed to exhaust administrative remedies with regard to the determination that he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because he has not requested a Matter of Joseph hearing. (ECF No. 11 at 2.) The district court judge also found petitioner's arguments that his due process rights have been violated depend on whether petitioner is properly subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**III. Discussion**

Petitioner maintains that any detention authority arises under 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1226(c). (ECF No. 1, ¶ 7.) Thus, petitioner's claim asserting a violation of the INA is premised on an argument that 8 U.S.C. § 1226(a) applies to him. (ECF No. 1., ¶¶ 138-146.) Petitioner is not entitled to relief on this claim. The record has not changed since the district court judge found petitioner has not exhausted administrative remedies because he has not requested a Matter of Joseph hearing as to the determination that he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). Considering the factors discussed in Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007), prudential exhaustion should be required for the reasons explained by the district court judge. (ECF No. 11 at 2.)

Accordingly, petitioner's claim asserting a violation of the INA fails because under 8 U.S.C. § 1226(c), petitioner was not entitled to a pre-deprivation hearing. See Haryana-Sandhir v. Warden Golden State Annex, No. 1:26-CV-0405 DJC SCR, 2026 WL 1079374, at *1 (E.D. Cal. Apr. 21, 2026), report and recommendation adopted, No. 1:26-CV-0405 DJC SCR, 2026 WL 1189129 (E.D. Cal. Apr. 30, 2026). Petitioner "cites no authority, nor is the [c]ourt aware of any, which would require ICE to provide [a noncitizen] with notice and a hearing prior to detaining

him pursuant to § 1226(c)." Medina Soto v. Robbins, No. 1:25-cv-01954-KES-SKO (HC), 2026 WL 657702, at *3 (E.D. Cal. Mar. 9, 2026).[3]

Petitioner's claim asserting a violation of substantive due process also fails. The substantive component of the Due Process Clause "forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process was provided, unless the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 301-02 (1993); see also United States v. Torres, 995 F.3d 695, 708 (9th Cir. 2021) (holding in the criminal context that a due process violation occurs when detention becomes punitive rather than regulatory, meaning there is no regulatory purpose that can rationally be assigned to the detention or the detention is excessive in relation to its regulatory purpose).

Detention during deportation proceedings is a constitutionally valid aspect of the process. Demore v. Kim, 538 U.S. 510, 523 (2003). The government has an understandable interest in detaining noncitizens to ensure attendance at immigration proceedings, improve public safety, and promote compliance with immigration laws. Id. at 521. The government has significant interests in detaining noncitizens pending removal and those interests only increase as time passes. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022). In light of respondents' unrebutted evidence that petitioner is an internationally wanted fugitive, petitioner fails to show his detention under § 1226(c) serves no regulatory purpose or is excessive in relation to its regulatory purpose. See Torres, 995 F.3d at 708 (considering evidence supporting detention as relevant to substantive due process).

To the extent petitioner argues his initial arrest was unlawful under the Fourth Amendment, he is not entitled to release from custody even if the initial seizure violated the Fourth Amendment. See Cabrera v. Hidalgo, et al., No. 1:26-CV-1101 (LMB/LRV), 2026 WL 2002085, at *2 (E.D. Va. June 18, 2026) (noting "Federal courts across the country… have reached a similar conclusion [that an individual is not entitled to habeas relief as a result of a warrantless immigration arrest] alleged to violate the Fourth Amendment"); Salazar v. Noem, No.

---

[3] Petitioner does not assert his detention without a bond hearing, at approximately less than two months, is unconstitutionally prolonged at this point. Petitioner does not seek a bond hearing.

4:26-CV-3045, 2026 WL 458304, at *4 (D. Neb. Feb. 18, 2026) (holding an unlawful warrantless arrest is not a get-out-of-jail-free card if a lawful basis to detain is subsequently established). Cf. Arias v. Rogers, 676 F.2d 1139, 1143 (7th Cir. 1982) ("The petitioners were arrested before deportation proceedings had begun and, we assume for purposes of this appeal, illegally.... From the moment the petitioners were able to pursue [administrative remedies], their detention was no longer so lawless as to allow a judge to free them under the habeas corpus statute.").

That leaves petitioner's procedural due process claim, for which he requests the remedy of release. Petitioner does not request a bond hearing.

Petitioner has a liberty interest in his continued freedom as he was previously released into the United States by immigration officials. See, e.g., Enriquez Escarcega, Petitioner, v. Warden of the Golden State Annex Faciity, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026). To determine what procedure was due, the court applies the test established in Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

Petitioner's private interest in maintaining his out-of-custody status is substantial. See Zadvydas, 533 U.S. at 690 (freedom from imprisonment is at the core of the Due Process Clause). There was a risk of erroneous deprivation to the extent that petitioner had been previously released into the United States by immigration officials, meaning they determined at that time he did not pose a risk of flight or danger to the community. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (explaining that a petitioner's "release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community").

However, petitioner does not dispute respondent's assertion that his criminal history was not then known or available. Respondents may have a legitimate interest in petitioner's detention based on the evidence that he is an internationally wanted fugitive. Under the circumstances, immediate release is not an appropriate remedy even if the government failed to give petitioner a pre-deprivation hearing. See, e.g., Singh v. Chestnut, No. 1:26-cv-00546-DJC-AC, 2026 WL

266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (declining to order release of a petitioner formerly released on his own recognizance and re-detained by ICE without pre-deprivation process after an arrest for aggravated battery, because the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report"). On balance, the Mathews factors indicate petitioner is not entitled to release from custody.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). Petitioner fails to carry his burden and is not entitled to relief.

**IV. Recommendation**

In addition, IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied.
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 5, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sing4785.mer